IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER and
PATRICK LEONEL SHUMAKER                                          PLAINTIFFS

V.                                                    CAUSE NO. 1:23-CV-4-SA-DAS

CHRISTOPHER GRAHAM and
OWNER AND OPERATOR OF OKAY FOODS                                 DEFENDANTS

ORDER AND MEMORANDUM OPINION

On January 4, 2023, Patrick Daniel Shumaker and Patrick Leonel Shumaker filed their *pro se* Complaint [1] against Christopher Graham, in his capacity as the Commissioner of the Mississippi Department of Revenue, and the "Owner and Operator of OKAY FOODS." There are numerous Motions [11, 17, 28, 32, 36, 39] pending at this time, some of which have been responded to and some of which have not. Nevertheless, the pertinent deadlines have passed, and the Court sees no need to further delay.

*Relevant Factual and Procedural Background*

At the outset, the Court notes the style of the *pro se* Complaint [1] lists two Plaintiffs: Patrick Daniel Shumaker and Patrick Leonel Shumaker. Multiple filings made in the case include two signatures—one for Patrick Daniel Shumaker and one for Patrick Leonel Shumaker. However, the substantive portions of the Complaint [1] refer only to "Patrick Shumaker" in the singular form. Thus, it is unclear to the Court whether there are two separate individuals named "Patrick Shumaker" or if there is only one person. Consistent with the style of the case, the Court will use the term "Plaintiffs" throughout this Order and Memorandum Opinion.

With that caveat, the Court turns to the substance of the Complaint [1]. The Plaintiffs allege that they own certain property "which is less than 50 feet away from the floor plan at 1801 7th

Avenue North" in Columbus, Mississippi. [1] at p. 7. The Plaintiffs contend that they "cannot hold tent service for Church on [their] property in peace. The tent service is disturbed from the sale of alcohol and tobacco." *Id.*

Although not artfully stated, the Plaintiffs apparently contend that Graham, in his capacity as Commissioner of the Mississippi Department of Revenue, wrongfully issued a permit to OKAY FOODS to sell alcohol and tobacco which, coupled with the business' subsequent sales in accordance with the permit, violates the Plaintiffs' First Amendment right to worship. The Plaintiffs also allege that Graham issued a separate permit to another store "located at 611 Waterwork Road" which is also located within 200 feet of a church. *Id.* at p. 8. They further aver that both of these churches are African American churches and that Graham, when issuing the permits, was acting with deliberate indifference to the rights of African Americans.

The Plaintiffs assert claims for: (1) deprivation of First Amendment right to worship; (2) deprivation of Fourteenth Amendment equal protection; and (3) violations of Mississippi Code Sections 97-17-67 and 97-17-97. The third claim appears to be based only on the conduct of OKAY FOODS, specifically alleging:

> The Owner and Operator at 1801 7th Avenue North, Columbus, Ms. 39701 violated Mississippi Code Ann. Section 97-17-67 (Malicious Mischief) when it placed crushed gravel on the Plaintiff's property without the Plaintiff's permission. The Owner and Operator at 1801 7th Avenue North, Columbus, Ms. 39701 violates Mississippi Code Ann. Section 97-17-97 (trespassing) by directing its vendor to park on the Plaintiff's property to unload beer and other supplies for the store location. The Plaintiff never gave the Defendant permission to utilize his property in any manner. The Plaintiff has advised the Owner and Operator at 1801 7th Avenue North, Columbus MS. 39701 to immediately stop these acts. The Owner and Operator disregarded tents service for Church. However, the Defendant refused.

[1] at p. 8-9.

The Plaintiffs' Complaint [1] then includes a separate section concerning "Injuries" which alleges the following:

> The Plaintiff's property has been altered by the parking lot of crushed gravel utilized by Defendant. The Defendants has [sic] caused the decline of tent service for religious purposes in which was the sole reason of purchasing the property. The Defendant has caused emotional and physical injury to the property and the Plaintiff.

*Id*. at p. 9.

The Plaintiffs request $361,000 in compensatory damages, as well as punitive damages in the amount of $10,000 per Defendant. They also request that Graham be ordered to "remove any authority for the sale of any alcoholic beverages at 1801 7th Avenue North, Columbus, Ms. 39701 and 611 Waterwork Road, Columbus, Ms. 39701 and all locations that the Defendant may operate[.]" *Id*.

*Analysis and Discussion*

As noted above, there are currently multiple pending Motions [11, 17, 28, 32, 36, 39] in this case. They are as follows: (1) the Plaintiffs' Motion for Temporary Restraining Order [11]; (2) Graham's Motion to Dismiss [17]; (3) the Plaintiffs' Motion to Grant Unopposed Motion for Temporary Restraining Order [28]; (4) the Plaintiffs' Motion to Dismiss [32]; (5) the Plaintiffs' Motion to Amend [36]; and the Plaintiffs' Motion to Strike [39]. The Court will address each of the filings.

    I.    *Graham's Motion to Dismiss [17] and the Plaintiffs' Motion to Dismiss [32]*

On February 6, 2023, shortly after being served with process, Graham filed a Motion to Dismiss [17]. Prior to the Court issuing a ruling on that Motion [17], the Plaintiffs filed their own Motion to Dismiss [32], wherein they state: "PURSUANT to Federal Rule of Civil Procedure 41, the Plaintiffs would motion this Court to dismiss Christopher Graham from this lawsuit." [32] at

3

p. 1. Thus, the Motion [32] is essentially a notice of voluntary dismissal. That Motion [32] is GRANTED. Consistent with their request, the Plaintiffs' claims against Christopher Graham are hereby DISMISSED. Graham's Motion to Dismiss [17] is therefore DENIED AS MOOT.

*II.     The Plaintiffs' Motions for Injunctive Relief [11, 28]*

On January 19, 2023, the Plaintiffs filed a Motion for Temporary Restraining Order [11], at the conclusion of which they specifically "motion this Court to Order the Mississippi Department of Revenue to revoke the permit of the sale [of] alcohol next to the Plaintiffs' property which is used [for] outdoor worship." [11] at p. 1-2. The Plaintiffs indicate that they mailed a copy of that filing to OKAY FOODS, despite the fact that OKAY FOODS had not yet been served with process.

Rule 7 of the Local Uniform Civil Rules governs urgent matters and provides in pertinent part:

> *Urgent and Necessitous Matters*. When the motion relates to an urgent or necessitous matter, counsel for the movant must contact the courtroom deputy, or other staff member designated by the judge, and arrange a definite time and place for the motion to be heard. . . . A motion filed under this rule must be styled as an "URGENT AND NECESSITOUS MOTION." . . .

L. U. Civ. R. 7(b)(8).

Although in their filing the Plaintiffs request a temporary restraining order, they did not comply with these requirements. After the Court did not issue a ruling on the Motion [11] (since the Plaintiffs did not comply with the requirements of the Local Rules) and OKAY FOODS did not respond, the Plaintiffs filed a separate Motion [28] requesting that the Court grant the request for temporary restraining order as unopposed.

Neither Motion [11, 28] is well-taken. The Court first notes that the request set forth in the original Motion [11] asks that the Court order the Department of Revenue to revoke OKAY

4

FOODS' permit to sell alcohol. The Department of Revenue was never a party to this lawsuit. Although Christopher Graham, in his capacity as Commissioner of the Department of Revenue, was initially a Defendant, the Plaintiffs' claims against him have been dismissed at the Plaintiffs' request. While the request would ultimately impact OKAY FOODS since it would involve its permit, the Plaintiffs did not request that the Court take any action against OKAY FOODS. Secondarily, it is not clear that OKAY FOODS ever received notice of the filing until after the entity was served on April 24, 2023. *See* [22].[1] OKAY FOODS has since responded in opposition to the Motion [11].

Taking all of this into account, including the Plaintiffs' failure to comply with the requirements for urgent relief as well as the fact that the request is not directly related to the only Defendant in the case, the Motions [11, 28] are DENIED.[2]

    III.    *The Plaintiffs' Motion to Amend [36]/Other Procedural Issues*

On May 30, 2023, the Plaintiffs filed a Motion to Amend [36], wherein they request that they be permitted to "amend the names of the Defendants from Owner and Operator of OKAY FOODS to Mutee Nagi and Yahya Alasri." [36] at p. 1.

Although the Plaintiffs' request is narrow in scope, the Court feels compelled to address other issues associated with the case.

First, the Court notes that on May 12, 2023, OKAY FOODS filed a Motion to Dismiss [23]. That Motion [23] has since been terminated by the Clerk of Court due to defense counsel's failure to comply with Rule 7(b)(2) of the Local Rules in making that filing. However, OKAY

---

[1] The Court is aware that OKAY FOODS alleges that service was improper but sees no need to delve into that issue at this time.
[2] The Court also notes that the Plaintiffs have filed a Motion to Strike [39] OKAY FOODS' Response [35] to its Motion for Temporary Restraining Order [11]. In light of the Court's ruling above, the Motion to Strike [39] is DENIED AS MOOT.

5

FOODS raised the issue of improper service in that filing, and the Court likewise has some concern as to whether service of process was properly effectuated.

The Court also notes other issues with the Complaint [1]. The Plaintiffs assert a claim against the Owner and Operator of OKAY Foods (who they now believe to be Mutee Nagi and Yahya Alasri); however, in their Complaint [1], they raise a claim as to another permit that was issued to a business operating at "611 Waterwork Road, Columbus, Ms. 39701." [1] at p. 9. The connection between OKAY FOODS and that property is unclear to the Court.

Ultimately, the Court finds it appropriate to permit the Plaintiffs one opportunity to amend their Complaint [1]. The Plaintiffs shall file an amended complaint within twenty-one (21) days of *today's date*. In addition to these concerns, the amended complaint shall also clarify the issue raised above as to whether there are one or two Plaintiffs.

Should the Plaintiffs fail to file an amended complaint within twenty-one (21) days of today's date, the Court will dismiss the case without further notice.

Additionally, the Plaintiffs shall have forty-five (45) days, beginning on the date their amended complaint is filed, to perfect service of process. Should the Plaintiffs fail to file proofs of service as to all named Defendants by that date, the Court may dismiss the case without further notice.

*Conclusion*

For the reasons set forth above, the Plaintiffs' Motion to Dismiss [32] is GRANTED. Graham's Motion to Dismiss [17] is DENIED AS MOOT. The Clerk of Court is directed to terminate Christopher Graham as a Defendant in this case.

The Plaintiffs' Motion for Temporary Restraining Order [11] and Motion to Grant Temporary Restraining Order as Unopposed [28] are DENIED. The Plaintiffs' Motion to Strike

[39] is DENIED AS MOOT.

The Plaintiffs' Motion to Amend [36] is GRANTED. However, the Plaintiffs should consult the Court's directives above as to the filing of an amended complaint. The Court again specifically advises the Plaintiffs that failure to comply with the instructions set forth above will result in dismissal of the case *without further notice*.

SO ORDERED, this the 28th day of June, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE