# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 31, 2023
Lyle W. Cayce
Clerk

_____

No. 23-60305
_____

In re Patrick D. Shumaker; Patrick L. Shumaker,

                                                                *Petitioners.*

_____

Petition for Writ of Mandamus to the
United States District Court
for the Northern District of Mississippi
USDC No. 1:23-CV-4

_____

## UNPUBLISHED ORDER

Before Stewart, Graves, and Oldham, *Circuit Judges.*

Per Curiam:

  Pro se litigants Patrick D. Shumaker and Patrick L. Shumaker (the Shumakers) have filed in this court a joint petition for a writ of mandamus and individual motions requesting leave to file the mandamus petition in forma pauperis (IFP). The motions for leave to proceed IFP are GRANTED.

  In their underlying pro se civil action, which remains pending in the district court, the Shumakers filed motions, including a motion requesting a temporary restraining order (TRO) to prohibit the sale of alcohol near a place used for outdoor worship services, a motion to dismiss one defendant, and a motion to amend the complaint to include the names of other defendants.

No. 23-60305

The district court denied the motion for a TRO and granted the motions to dismiss and to amend.

Primarily, the pro se mandamus petition filed by the Shumakers requests that we effectively reverse the district court's decision denying the motion for a TRO and order it to grant a TRO. The Shumakers also ask that we order the district court to compel the attorney for the opposing parties to make a general appearance.

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A party seeking mandamus relief must show both that he has no other adequate means to obtain the requested relief and that he has a "clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted).

Although the Shumakers cannot immediately appeal from the denial of their request for a TRO, *see Matter of Lieb*, 915 F.2d 180, 183 (5th Cir. 1990), if they wish to challenge the resolution of a request for injunctive relief or raise other issues about the district court proceedings, they may do so through "the regular appeals process." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004). They cannot use mandamus as a substitute for an appeal. *See Willy*, 831 F.2d at 549.

Accordingly, the petition for a writ of mandamus is DENIED.

A True Copy
Certified order issued Jul 31, 2023

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit