IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PATRICK DANIEL SHUMAKER AND**
**PATRICK LEONEL SHUMAKER**       **PLAINTIFFS**

**v.**       **CIVIL ACTION NO. 1:23-CV-4-SA-DAS**

**YAHYA ALASRI, MUTEE NAGI,**
**AND OKAY-FOODS, INC.**       **DEFENDANTS**

## ORDER DENYING MOTION FOR SANCTIONS

On August 28, 2023, the plaintiffs Patrick Daniel Shumaker and Patrick Leonel Shumaker ("the plaintiffs") filed a "Motion to Sanction Attorney Joseph Van Every for Violating Federal Rule of Civil Procedure 11B." Docket 57. As a basis for their motion, the plaintiffs contend that Mr. Van Every "failed to amend his special appearance status to general appearance" when submitting a response in opposition to the plaintiffs' earlier motion for a temporary restraining order on behalf of Owner and Operator of OKAY FOODS. They further allege that Mr. Van Every misrepresented to the court defendant Yahya Alasri's physical address and aided defendants Alasri and Nagi in utilizing "one physical address for several businesses principal place of business" in order to "allow[s] the organization to avoid taxes and legal issues."

Under Rule 11 of the Federal Rules of Civil Procedure, the court may impose appropriate sanctions, including attorney's fees, against any party who files a frivolous action, files an action for an improper purpose, such as harassment, or files an action which is not reasonably supported by law or facts. *See* Fed. R. Civ. P. 11. Rule 11 encourages the policy of truth and candor toward the tribunal by sanctioning an attorney for filing court papers that are legally or factually unsupported or filing documents for solely dilatory reasons. *Spiller v. Ella Smithers Geriatric*

*Ctr.*, 919 F.2d 339, 345 (5th Cir. 1990). The rule operates to "deter baseless filings and streamline the administration of justice," *see*, *Spiller*, 919 F.2d at 345, and it stands for the proposition that courts do not tolerate the filing of frivolous claims or abuse of the legal system. *See Johnson v. Hanes Hosiery*, No. 2:97-CV-118-D-B, 1997 WL 33426759, at *2 (N.D. Miss. Oct. 20, 1997).

There is no competent evidence before the court indicating that Attorney Van Every's filings in this case on behalf of any defendant run afoul of Rule 11(b)'s requirements. Further, the plaintiffs' specific contention that Mr. Van Every failed to amend his special appearance status as well as the defendants' references to a "special appearance" for the purpose of asserting multiple Rule 12(b) defenses has no legal effect. *See Prod. Promotions, Inc. v. Cousteau*, 495 F.2d 483, 490 (5th Cir. 1974) (concluding that the "Federal Rules of Civil Procedure abolished the technical distinction between general and special appearances."), *overruled on other grounds*, *citing* 5 Wright & Miller, Federal Practice and Procedure § 1344 (1969). Finding no basis for the imposition of sanctions against Mr. Van Every, the plaintiff's motion is denied.

**SO ORDERED**, this the 11th day of September, 2023.

                                            /s/ David A. Sanders
                                            **UNITED STATES MAGISTRATE JUDGE**