IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PATRICK DANIEL SHUMAKER AND**
**PATRICK LEONEL SHUMAKER**                                                                            **PLAINTIFFS**

**v.**                                                     **CIVIL ACTION NO. 1:23-CV-4-SA-DAS**

**YAHYA ALASRI, MUTEE NAGI,**
**AND OKAY-FOODS, INC.**                                                                         **DEFENDANTS**

### ORDER DENYING MOTIONS TO COMPEL AND
### SET CASE MANAGEMENT CONFERENCE

On October 6, 2023, the plaintiffs Patrick Daniel Shumaker and Patrick Leonel Shumaker ("the plaintiffs") filed a motion to compel discovery under Federal Rule of Civil Procedure 37. Docket 63. The plaintiffs also moved to set a case management conference in this matter. Docket 64.

    I.    Motion to Compel

The plaintiffs state they propounded requests for production of documents to the defendants on May 18, 2023, and filed a notice of service on May 22, 2023. The plaintiffs' motion states "[t]he Defendant failed to participate in discovery." The docket reflects that the plaintiffs filed "A Notice of Service of Interrogatories or Requests for Production of Documents or Responses Thereto" on May 22, 2023. Docket 27. The form notice states "Pursuant to L.U.Civ.R. 5(d)(3), notice is hereby given that on the date entered below I served the following discovery device(s): Requests for Production of Documents to: <u>May 18, 2023</u>." Rather than identify the party on whom the discovery requests were served in the space provided, the plaintiffs instead stated the date on which the notice was signed. Shortly thereafter, on May 24, 2023, this court entered an Order Staying Case due to defendant Christopher Graham's motion to dismiss asserting jurisdictional and immunity-based defenses. Docket 29.

The court has reviewed the plaintiffs' motion and finds it should be **DENIED** for the following reasons. The "Notice of Service of Interrogatories or Requests for Production of Documents or Responses Thereto" does not identify the party on whom the requests for production of documents were served. Docket 27. The plaintiffs "Motion for Order Compelling Discovery" generally references "the Defendants," *(plural)*, and then states "[t]he Defendant [*(singular)*] failed to participate in discovery." Docket 63. The court cannot discern on whom the discovery requests were propounded or from whom the plaintiffs seek to compel responses. Further, two days after the plaintiffs' notice of service was filed, the court stayed this case including "all discovery." Docket 29. While the stay was lifted on August 24, 2023, the court has not yet conducted a case management conference or established case management deadlines in this action. Docket 54. Accordingly, the plaintiffs' Motion for Order Compelling Discovery is denied.

II. Motion to Set Case Management Conference

On October 6, 2023, the plaintiffs filed their second motion to set a case management conference in this case. Docket 64. Previously on May 22, 2023, the plaintiffs requested that this court set a case management conference. Docket 26. On May 25, 2023, the court denied the plaintiffs' motion citing the stay order in effect at that time. Docket 31. While this action is not currently stayed, the defendants Yahya Alasri, Mutee Nagi, and Okay-Foods, Inc. have filed a Motion to Dismiss which remains pending before this court. Docket 59.

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936), nor is there a question that this authority includes the district court's wide discretion to grant a stay in a pending matter. *In re Ramu*

*Corp.,* 903 F.2d 312, 318 (5th Cir.1990). When "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions. *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970); *see also Mayo v. Tri–Bell Indus.,* 787 F.2d 1007, 1012 (5th Cir.1986).

Considering the defendants' currently pending dispositive motion, the court declines to set a case management conference at this time and further finds it is in the best use of judicial resources to stay all discovery in this case. The plaintiffs' motion to set a case management conference is **DENIED,** and this case is **STAYED** pending a ruling on the defendants' motion to dismiss.

**SO ORDERED**, this the 10th day of October, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**