IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER and
PATRICK LEONEL SHUMAKER                                                                    PLAINTIFFS

V.                                                                          CAUSE NO. 1:23-CV-4-SA-DAS

YAHYA ALASRI, MUTEE NAGI, and
OKAY-FOODS, INC.                                                                           DEFENDANTS

ORDER

On January 4, 2023, Patrick Daniel Shumaker and Patrick Leonel Shumaker filed their *pro se* Complaint [1] against Christopher Graham, in his capacity as the Commissioner of the Mississippi Department of Revenue, and the "Owner and Operator of OKAY FOODS." On June 28, 2023, the Court entered an Order and Memorandum Opinion [42] addressing numerous issues. In that Order [42], the Court, after setting forth multiple issues with the Plaintiffs' Complaint [1], directed the Plaintiffs to file an amended complaint. They have done so. In their Amended Complaint [44], the Plaintiffs named Yahya Alasri, Mutee Nagi, and Okay-Foods, Inc. as the sole Defendants. Now before the Court is the Defendants' Motion to Dismiss [59].

*Relevant Background*

In its previous Order and Memorandum Opinion [42], the Court set forth, to the greatest extent possible, the Plaintiffs' factual allegations. The Court will not again recite all of those facts but will instead narrow its explanation to the allegations of the Amended Complaint [44].

To provide some context, the Plaintiffs allege that they own certain real property in Columbus, Mississippi. They also allege that Okay-Foods, Inc. is a business operating in Columbus, Mississippi, in close proximity to the Plaintiffs' property. This dispute concerns the Okay-Foods' sale of alcohol on its property. In the "Statement of Claim" section of the Amended

Complaint [44], the Plaintiffs allege:

> The Defendants violated 18 U.S.C. Section 241 by conspiring to oppress the Plaintiffs of their right to worship the Christian faith. The Defendants purposely instructed their vendors to park on the property. The Defendants violated the Mississippi Law 67-1-51.

[44] at p. 4.

The Plaintiffs further allege:

> Defendants intentionally violate[] the law of Mississippi 67-1-51, No sale of alchohol [sic] within 400 feet of Church. The Defendants have mocked the Christian Faith by placing cross tires on property used for the purpose of worship. Since Covid mandate the property has been used for outside worship. The Defendant sale [sic] alcohol in two different locations that are near Christian Churches. One location is 1801 7th Avenue North, Columbus Ms. 39701 and the other is 611 Waterworks Road, Columbus, Ms. 39701.

*Id*. at p. 5.

As to relief, the Plaintiffs request that the Court bar Okay-Foods from selling alcohol. They also request "actual damages $361,000 - The Defendants placed cross tires on the property to prevent worship. Loss of value of property" and "punitive damages $10,000 each Defendant because they were warned to stop the sale of alcohol and obey the law." *Id*.

The alleged causes of action are not entirely clear. In the "Basis for Jurisdiction" section, the Plaintiffs indicate that the Court has federal question jurisdiction and allege as follows: "Title 18 USC 241" and "First Amendment guaranteed by the U.S. Constitution." *Id*. at p. 3. Notably, the Plaintiffs invoke Mississippi Code Section 67-1-51 at times in their Amended Complaint [42].

On August 31, 2023, the Defendants filed a Motion to Dismiss [59], and the Plaintiffs thereafter filed a Response [62].

*Analysis and Discussion*

The parties' filings have made this case quite convoluted. The Court will begin with the

2

Motion to Dismiss [59] and then turn to the allegations of the Amended Complaint [44].

The Motion to Dismiss [59] misses the mark. Although it was filed on August 31, 2023—over a month after the Plaintiffs filed their Amended Complaint [44]—the Defendants' Memorandum [60] continuously make references to the Plaintiffs' original Complaint [1].

For instance, the Memorandum [60] begins by articulating that "[o]n January 4, 2023, the *pro se* Plaintiffs filed a Complaint before this Court against Commissioner Graham and co-Defendants, the owner, and operator of Okay Foods." [60] at p. 1. Commissioner Graham was dismissed in the Court's previous Order and Memorandum Opinion [42], and the Plaintiffs did not name him in the Amended Complaint [44].

As another example, the Defendants attack service of process by arguing that "Yahya Alasri was served with process on April 21, 2023[.]" [60] at p. 5. This was also an issue the Court previously addressed. In the Order and Memorandum Opinion [42], the Court expressed concerns with service of process and directed the Plaintiffs to effectuate service of process after amending their complaint. The Plaintiffs have since filed summons returns on the docket. *See* [51], [58].

The Motion [59] makes additional arguments that clearly relate to the original Complaint [1] and in no way address the claims raised in the Plaintiffs' Amended Complaint [44]. The Court sees no need to walk through each of these inadequacies. The Motion [59] is DENIED.

But the Amended Complaint [44] has inadequacies of its own. For instance, the Plaintiffs' theory is apparently that the named Defendants conspired to intrude on the Plaintiffs' First Amendment rights by selling alcohol during the Plaintiffs' worship services. The Plaintiffs assert their claims pursuant to the First Amendment and 18 U.S.C. § 241.

As to the First Amendment claim, it is completely unclear how the Plaintiffs intend to impose liability against private actors. Presuming that the Plaintiffs seek to assert this claim

pursuant to 42 U.S.C. § 1983, "[a] private party will be considered a state actor for § 1983 purposes only in rare circumstances." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 773 (N.D. Tex. 2014) (citation omitted). There is no clear indication that an exception to this general rule would apply.

The Court harbors the same concern as to the Plaintiffs' 18 U.S.C. § 241 claim. *See*, *e.g.*, *United States v. Causey*, 185 F.3d 407, 413 (5th Cir. 1999) (citing *United States v. Tarpley*, 945 F.2d 806, 808 & n. 2 (5th Cir. 1991)). The Plaintiffs have alleged no link to any state action. Rather, they simply appear to be dissatisfied with the Defendants' operation of their business during the time which the Plaintiffs desire to hold a worship service on their property.

While it is not listed as a separate cause of action, the Plaintiffs make multiple references to Mississippi Code Section 67-1-51 in their Amended Complaint [44]. This statute concerns the issuance of a state permit for the sale of alcohol. The statute does not appear to create a private cause of action as the Plaintiffs now seek to do.

Although the Court denied the pending Motion to Dismiss [59], "[d]istrict courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). The Fifth Circuit has indicated that *sua sponte* dismissal is appropriate "when a complaint fails to state a claim." *Id*. (citing *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007)).

While undoubtedly possessing authority to *sua sponte* dismiss the claims, the Court will, in light of the Plaintiffs' *pro se* status, treat this Order as an Order to Show Cause. The Plaintiffs shall have twenty-one (21) days from today's date to file a Response articulating their theory of relief. If the Plaintiffs desire to file an amended complaint to address the deficiencies, the proposed amended complaint shall be attached to the Response. The Court will dismiss the case without further notice if the Plaintiffs fail to adequately show cause as to why the claims should remain

pending or if they otherwise fail to comply with this Order.

*Conclusion*

For the reasons articulated above, the Motion to Dismiss [59] is DENIED. The Plaintiffs shall have twenty-one (21) days to file a Response and, if necessary, a proposed amended complaint. Failure to comply with this Order will result in dismissal.

SO ORDERED, this the 29th day of May, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE