IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER and
PATRICK LEONEL SHUMAKER                                                                 PLAINTIFFS

V.                                                                           CAUSE NO. 1:23-CV-4-SA-DAS

YAHYA ALASRI, MUTEE NAGI, and
OKAY-FOODS, INC.                                                                       DEFENDANTS

ORDER TO SHOW CAUSE

On January 4, 2023, Patrick Daniel Shumaker and Patrick Leonel Shumaker filed their *pro se* Complaint [1] against Christopher Graham, in his capacity as the Commissioner of the Mississippi Department of Revenue, and the "Owner and Operator of OKAY FOODS." In their original Complaint [1], the Plaintiffs alleged that they own certain real property in Lowndes County, Mississippi and that Okay-Foods, Inc., a business operating in close proximity to the Plaintiffs' property, illegally sold alcohol on its premises.

Although not artfully stated, the Plaintiffs alleged that Graham, in his capacity as Commissioner of the Mississippi Department of Revenue, wrongfully issued a permit to OKAY FOODS to sell alcohol and tobacco which, coupled with the business' subsequent sales in accordance with the permit, violated the Plaintiffs' First Amendment right to worship. The Plaintiffs asserted claims for: (1) deprivation of First Amendment right to worship; (2) deprivation of Fourteenth Amendment equal protection; and (3) violations of Mississippi Code Sections 97-17-67 and 97-17-97. The third claim was based only on the conduct of OKAY FOODS, specifically alleging:

> The Owner and Operator at 1801 7th Avenue North, Columbus, Ms. 39701 violated Mississippi Code Ann. Section 97-17-67 (Malicious Mischief) when it placed crushed gravel on the Plaintiff's property without the Plaintiff's permission. The Owner and Operator at 1801

> 7th Avenue North, Columbus, Ms. 39701 violates Mississippi Code Ann. Section 97-17-97 (trespassing) by directing its vendor to park on the Plaintiff's property to unload beer and other supplies for the store location. The Plaintiff never gave the Defendant permission to utilize his property in any manner. The Plaintiff has advised the Owner and Operator at 1801 7th Avenue North, Columbus MS. 39701 to immediately stop these acts. The Owner and Operator disregarded tents service for Church. However, the Defendant refused.

[1] at p. 8-9.

The Plaintiffs' Complaint [1] then included a separate section concerning "Injuries" which alleged the following:

> The Plaintiff's property has been altered by the parking lot of crushed gravel utilized by Defendant. The Defendants has [sic] caused the decline of tent service for religious purposes in which was the sole reason of purchasing the property. The Defendant has caused emotional and physical injury to the property and the Plaintiff.

*Id.* at p. 9.

In an Order and Memorandum Opinion [42], the Court identified numerous issues with the Plaintiffs' Complaint [1] and directed them to file an amended complaint. They did so, filing their Amended Complaint [44] on July 20, 2023. The Defendants sought dismissal. On May 29, 2024, the Court entered an Order [66] denying the Defendants' request for dismissal. Although it denied dismissal of the action altogether, the Court (again) identified deficiencies in the Plaintiffs' legal theories, explaining as follows:

> But the Amended Complaint [44] has inadequacies of its own. For instance, the Plaintiffs' theory is apparently that the named Defendants conspired to intrude on the Plaintiffs' First Amendment rights by selling alcohol during the Plaintiffs' worship services. The Plaintiffs assert their claims pursuant to the First Amendment and 18 U.S.C. § 241.
>
> As to the First Amendment claim, it is completely unclear how the Plaintiffs intend to impose liability against private actors. Presuming

2

> that the Plaintiffs seek to assert this claim pursuant to 42 U.S.C. § 1983, "[a] private party will be considered a state actor for § 1983 purposes only in rare circumstances." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 773 (N.D. Tex. 2014) (citation omitted). There is no clear indication that an exception to this general rule would apply.
>
> The Court harbors the same concern as to the Plaintiffs' 18 U.S.C. § 241 claim. *See, e.g.*, *United States v. Causey*, 185 F.3d 407, 413 (5th Cir. 1999) (citing *United States v. Tarpley*, 945 F.2d 806, 808 & n. 2 (5th Cir. 1991)). The Plaintiffs have alleged no link to any state action. Rather, they simply appear to be dissatisfied with the Defendants' operation of their business during the time which the Plaintiffs desire to hold a worship service on their property.
>
> While it is not listed as a separate cause of action, the Plaintiffs make multiple references to Mississippi Code Section 67-1-51 in their Amended Complaint [44]. This statute concerns the issuance of a state permit for the sale of alcohol. The statute does not appear to create a private cause of action as the Plaintiffs now seek to do.

[66] at p. 3-4.

Recognizing these deficiencies and the fact that it had already extended leniency to the Plaintiffs in permitting them to amend their original Complaint [1], the Court noted that it could *sua sponte* dismiss the action but instead provided the Plaintiffs an opportunity to file a response and (again) file an amended pleading.

The Plaintiffs filed their Second Amended Complaint [68] on June 24, 2024. Unlike their previous two Complaints [1, 44], the Second Amended Complaint [68] does not assert a federal claim and instead only includes the following in the "Statement of Claim" section:

> All Defendants used the Plaintiffs' property for their (Defendants) business. All Defendants instructed their vendors to park on Plaintiffs' property, causing physical damages to Plaintiff['s] land. The land los[t] value, rental income because of the destruction of the property, and the cost to repair.

[68] at p. 4.

Thus, the Second Amended Complaint [68] is more narrow than the Plaintiffs' previous

3

Complaints [1, 44], as it does not include any constitutional claims. Any jurisdiction would therefore be based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In fact, the Plaintiffs selected "diversity jurisdiction" as the basis for jurisdiction on the Second Amended Complaint [68].

The diversity statute, 28 U.S.C. Section 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Where "jurisdiction depends on citizenship, citizenship must be "*distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Harvey*, 542 F.3d at 1079 (citing 28 U.S.C.A. § 1332 (c)). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.*

In the Second Amended Complaint [68], the Plaintiffs list "Okay-Food, Inc." as one of the Defendants; however, in the section of the form Complaint where the principal place of business and place of incorporation can be filled out, the Plaintiffs included no allegations. The Court notes that in a previous Complaint [1], the Plaintiffs listed the address of "Okay Foods" as an address in Columbus, Mississippi. But, even if this information was included in the operative Complaint [68], it would be insufficient for jurisdictional purposes, as it does not include the state of incorporation and/or the principal place of business.

4

Therefore, the existence of federal jurisdiction is in question. Though the issue of jurisdiction has not been contested by the Defendants, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

The Plaintiffs are hereby ordered to show cause as to as to why this matter should not be dismissed due to the absence of diversity under 28 U.S.C. § 1332. The Plaintiffs shall have twenty-one (21) days from the entry of this Order to submit: (1) a response sufficiently alleging Okay-Foods, Inc.'s state of incorporation and principal place of business at the time of filing; and (2) a motion for leave, pursuant to 28 U.S.C. § 1653, to amend the jurisdictional allegations to adequately allege diversity jurisdiction. If the Plaintiffs do not comply with this Order, the action will be promptly dismissed after the expiration of the deadline.[1]

SO ORDERED, this the 17th day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[1] The pending Motion to Dismiss [69] is hereby denied *without prejudice*. The Defendants may re-file a dispositive motion if/when an amended complaint is filed.