IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER and
PATRICK LEONEL SHUMAKER                                                    PLAINTIFFS

V.                                                         CAUSE NO. 1:23-CV-4-SA-DAS

YAHYA ALASRI, MUTEE NAGI, and
OKAY-FOODS, INC.                                                          DEFENDANTS

ORDER

Now before the Court is the Defendants' Motion to Dismiss [85]. They seek dismissal of all claims asserted against them in the Plaintiffs' Third Amended Complaint [75]. The Court is prepared to rule.

*Relevant Background[1]*

The procedural history of this case is convoluted. On January 4, 2023, Patrick Daniel Shumaker and Patrick Leonel Shumaker filed their *pro se* Complaint [1] against Christopher Graham, in his capacity as the Commissioner of the Mississippi Department of Revenue, and the "Owner and Operator of OKAY FOODS." In their original Complaint [1], the Plaintiffs alleged that they own certain real property in Lowndes County, Mississippi and that Okay-Foods, Inc., a business operating in close proximity to the Plaintiffs' property, illegally sold alcohol on its premises. Although not artfully stated, the Plaintiffs alleged that Graham, in his capacity as Commissioner of the Mississippi Department of Revenue, wrongfully issued a permit to OKAY FOODS to sell alcohol and tobacco which, coupled with the business' subsequent sales in accordance with the permit, violated the Plaintiffs' First Amendment right to worship. The Plaintiffs asserted claims for: (1) deprivation of First Amendment right to worship; (2) deprivation

---

[1] Much of the factual recitation has been set forth in previous Orders, but the Court finds it appropriate to fully articulate the way in which the case proceeded to its current posture.

of Fourteenth Amendment equal protection; and (3) violations of Mississippi Code Sections 97-17-67 and 97-17-97. The third claim was based only on the conduct of OKAY FOODS, specifically alleging:

> The Owner and Operator at 1801 7th Avenue North, Columbus, Ms. 39701 violated Mississippi Code Ann. Section 97-17-67 (Malicious Mischief) when it placed crushed gravel on the Plaintiff's property without the Plaintiff's permission. The Owner and Operator at 1801 7th Avenue North, Columbus, Ms. 39701 violates Mississippi Code Ann. Section 97-17-97 (trespassing) by directing its vendor to park on the Plaintiff's property to unload beer and other supplies for the store location. The Plaintiff never gave the Defendant permission to utilize his property in any manner. The Plaintiff has advised the Owner and Operator at 1801 7th Avenue North, Columbus MS. 39701 to immediately stop these acts. The Owner and Operator disregarded tents service for Church. However, the Defendant refused.

[1] at p. 8-9.

The Plaintiffs' Complaint [1] then included a separate section concerning "Injuries" which alleges the following:

> The Plaintiff's property has been altered by the parking lot of crushed gravel utilized by Defendant. The Defendants has [sic] caused the decline of tent service for religious purposes in which was the sole reason of purchasing the property. The Defendant has caused emotional and physical injury to the property and the Plaintiff.

*Id*. at p. 9.

In an Order and Memorandum Opinion [42], the Court identified numerous issues with the Plaintiffs' Complaint [1] and directed them to file an amended complaint. They did so, filing their Amended Complaint [44] on July 20, 2023. The Defendants sought dismissal. On May 29, 2024, the Court entered an Order [66] denying the Defendants' request for dismissal. Although it denied dismissal of the action altogether, the Court (again) identified deficiencies in the Plaintiffs' legal theories, explaining as follows:

> But the Amended Complaint [44] has inadequacies of its own. For instance, the Plaintiffs' theory is apparently that the named Defendants conspired to intrude on the Plaintiffs' First Amendment rights by selling alcohol during the Plaintiffs' worship services. The Plaintiffs assert their claims pursuant to the First Amendment and 18 U.S.C. § 241.
>
> As to the First Amendment claim, it is completely unclear how the Plaintiffs intend to impose liability against private actors. Presuming that the Plaintiffs seek to assert this claim pursuant to 42 U.S.C. § 1983, "[a] private party will be considered a state actor for § 1983 purposes only in rare circumstances." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 773 (N.D. Tex. 2014) (citation omitted). There is no clear indication that an exception to this general rule would apply.
>
> The Court harbors the same concern as to the Plaintiffs' 18 U.S.C. § 241 claim. *See*, *e.g.*, *United States v. Causey*, 185 F.3d 407, 413 (5th Cir. 1999) (citing *United States v. Tarpley*, 945 F.2d 806, 808 & n. 2 (5th Cir. 1991)). The Plaintiffs have alleged no link to any state action. Rather, they simply appear to be dissatisfied with the Defendants' operation of their business during the time which the Plaintiffs desire to hold a worship service on their property.
>
> While it is not listed as a separate cause of action, the Plaintiffs make multiple references to Mississippi Code Section 67-1-51 in their Amended Complaint [44]. This statute concerns the issuance of a state permit for the sale of alcohol. The statute does not appear to create a private cause of action as the Plaintiffs now seek to do.

[66] at p. 3-4.

Recognizing these deficiencies and the fact that it had already extended leniency to the Plaintiffs in permitting them to amend their original Complaint [1], the Court noted that it could *sua sponte* dismiss the action but instead provided the Plaintiffs an opportunity to file a response and (again) file an amended pleading.

On June 24, 2024, the Plaintiffs filed a Response [67], wherein they simply state that "our land is being taken away through a method of squatting. We will submit an amended complaint [that] addresses the issues. After the discovery phase it would be very clear to the Court and Public the wrong committ[ed] by the Defendants." [67] at p. 1.

3

They filed their Second Amended Complaint [68] the same day. The Second Amended Complaint [68] names the following Defendants: Yahya Alasri, Mutee Nagi, and Okay-Foods, Inc. In the "Statement of Claim" section, the Plaintiffs allege:

> All Defendants used the Plaintiffs' property for their (Defendants) business. All Defendants instructed their vendors to park on Plaintiffs' property, causing physical damages to Plaintiff['s] land. The land los[t] value, rental income because of the destruction of the property, and the cost to repair.

[68] at p. 4.

Thus, the Second Amended Complaint [68] was more narrow than the Plaintiffs' previous Complaints [1, 44] and did not include any constitutional claims. On September 17, 2024, the Court entered an Order [71] addressing jurisdictional issues associated with the Second Amended Complaint [68]—namely, the fact that the Plaintiffs had not adequately alleged Okay Foods, Inc.'s state of incorporation and principal place of business.

Since that time, the Plaintiffs, after being granted leave of Court, have filed their Third Amended Complaint [75]. In the Third Amended Complaint [75], the Plaintiffs correct the jurisdictional issue and assert a property claim against the same Defendants. The Defendants again seek dismissal.

*Analysis and Discussion*

The Court begins with the factual allegations contained in the Third Amended Complaint [75], wherein the Plaintiffs allege:

> ALL DEFENDANTS USED THE PLAINTIFFS' PROPERTY FOR THEIR (DEFENDANTS) BUSINESS. ALL DEFENDANTS INSTRUCTED THEIR VENDORS TO PARK ON PLAINTIFFS' PROERTY, CAUSING PHYSICAL DAMAGES TO PLAINTIFFS' LAND. THE LAND LOSS [sic] VALUE AND RENTAL INCOME BECAUSE OF THE DESTRUCTION OF THE PROPERTY.

[75] at p. 4.

The Plaintiffs seek $361,000.00 for these purported violations of their property rights.

In their Memorandum [86], the Defendants contend they are entitled to dismissal for three reasons: (1) "First, Plaintiffs' response and amended complaint were untimely filed after June 19, 2024, in violation of the Court's previous Order [Doc. 66]"; (2) "Secondly, Plaintiffs' claims are all property claims that should be filed and heard in state court, not this Court of limited jurisdiction"; and (3) "Finally, to the extent Plaintiffs intend to assert a state law claim against 'the owner and operator of OKAY FOODS' and/or O-Kay Foods is barred because O-Kay Foods has not been brought into the case, nor Monia Ahmed, the owner of parcel 33 on the map attached to the Complaint nor the vendors that allegedly did the damage to Plaintiffs['] property." [86] at p. 3.

The Court will address these arguments in turn. The Defendants note that the Plaintiffs' response and amended complaint were due to be filed on June 19, 2024 but not filed until June 24, 2024. They request that the Court therefore "enter an Order Sua Sponte dismissing this action with prejudice and award attorney's fees, and court cost to Defendants in the amount of $3,500.00 or an amount of reasonable attorney's fees awarded by the Court." [86] at p. 3.

Initially on this point, the Court notes that this argument pertains to the Second Amended Complaint [44], which is not even the operative complaint in this lawsuit. Setting aside that glaring deficiency in the Defendants' argument, dismissing the lawsuit on that basis would be unnecessarily harsh considering the Plaintiffs' *pro se* status.

Secondarily, the Defendants assert that "Plaintiffs' claims are all property claims that should be heard in state court, not this Court of limited jurisdiction." *Id*. The Defendants' argument again misses the mark. Although this Court is one of limited jurisdiction, it has jurisdiction over

state law claims between citizens of different states in which the amount in controversy is more than $75,000.00, as alleged here. *See* 28 U.S.C. § 1332(a). The Defendants provide no authority indicating that this Court lacks jurisdiction over the case. Their argument is rejected.

The Defendants' next argument is difficult to follow. They contend that O-Kay Foods, Inc. has not been brought into the case—yet, the Third Amended Complaint [75] clearly lists O-Kay Foods, Inc. as a Defendant. This argument is a non-starter. To the extent that the Defendants contend that other parties should have been named in the lawsuit and were not, the Defendants have not identified any case law to support their position as applied to these facts.

Although not listed as one of the three bases for dismissal, the Defendants' Memorandum [86] also contains an argument that the Third Amended Complaint [75] is not adequately pled so as to pass Rule 12(b)(6) muster. The Court is cognizant that the filing is not artfully drafted and is far from a model of clarity. However, considering the Plaintiffs' *pro se* status and the fact that the Amended Complaint [75] does indicate the underlying conduct for which they seek a remedy, the Court finds that they should be permitted to proceed.

Although the Plaintiffs did not respond to the Defendants' Motion to Dismiss [85], dispositive motions cannot be granted as unopposed. *See* L.U. CIV. R.7(b)(3)(E). And the Motion [85] itself fails to establish a sufficient basis to dismiss this case.

*Conclusion*

The Motion to Dismiss [85] is DENIED. The previously imposed stay is hereby LIFTED. The Magistrate Judge will hold a conference in the case as soon as practical so that discovery can commence and the case can proceed. Considering the length of time that this case has been pending, the Court expects the parties to proceed expeditiously with discovery efforts.[2]

SO ORDERED, this the 11th day of February, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[2] The parties have filed numerous other Motions in this case. For instance, the Plaintiffs obtained an entry of default against the Defendants after they did not timely answer the Third Amended Complaint [75]. The Plaintiffs then filed a Motion for Default Judgment [78]. And the Defendants, for their part filed a Motion to Set Aside Default [87]. The Court finds that the Defendants should be, and hereby is, SET ASIDE. Those Motions [78, 87] are TERMINATED on the docket. The Plaintiffs' Motion to Strike [93] shall likewise be TERMINATED.