IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER AND
PATRICK LEONEL SHUMAKER                                                                PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 1:23-CV-4-SA-DAS

YAHYA ALARSI, MUTEE NAGI,
AND O-KAY FOOD, INC.                                                                   DEFENDANTS

ORDER DENYING MOTION TO COMPEL AND MOTION FOR SANCTIONS

The plaintiffs have filed a motion asking the court to compel counsel for the defendants to comply with the court's Rule 16 Initial Order requiring the parties to confer in advance of the case management conference scheduled for March 17, 2025. Doc. 98. The motion states defense counsel has been unresponsive and "has refused to communicate with the Plaintiffs in resolving this legal matter." The plaintiffs ask the court to order counsel for the defendants to participate in the attorney conference within three days.

The plaintiffs filed a separate motion for sanctions under Federal Rule of Civil Procedure 37 for defense counsel's failure to comply with the Rule 16 Initial Order. Doc. 99. The motion claims the plaintiffs have incurred $1,062.00 due to defense counsel's "intentional delays" and seeks a monetary sanction in that amount.

In response, counsel for the defendants explained he was engaged in three trials from February 11, 2025, through March 3, 2025, yet communicated with the plaintiffs multiple times in order to comply with Federal Rule of Civil Procedure 26(f) and submit the proposed case management order as required. His response notes the parties completed the attorney conference on March 5, 2025, and submitted their joint proposed case management order on March 7, 2025, in advance of the case management conference on March 17, 2025. The conference was held as

scheduled, and a case management order was entered on March 17, 2025.

Having heard from the parties at the case management conference and having reviewed the parties' submissions, the court finds the motion to compel counsel to participate in the attorney conference to be moot and further finds no basis to impose sanctions. The court may award sanctions under its inherent power for abuse of the judicial process only after finding that the litigant has acted in bad faith. *Roadway Express v. Piper*, 447 U.S. 752, 766 (1980). Here, there is no basis to conclude that counsel for the defendants failed to comply with the court's Rule 16 Initial Order, much less that counsel acted in bad faith. Scheduling difficulties are common in the practice of law, and there is nothing in the record to suggest that any delay in completing the attorney conference was the result of the defendants' bad faith. The attorney conference occurred, and the proposed case management order was submitted allowing the court to conduct the case management conference as noticed and enter the case management order in a timely manner. Therefore, the plaintiffs' motion for sanctions is DENIED.

SO ORDERED, this the 26th day of March, 2025.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE