IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER AND
PATRICK LEONEL SHUMAKER                                                                    PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 1:23-CV-4-SA-DAS

YAHYA ALARSI, MUTEE NAGI,
AND O-KAY FOOD, INC.                                                                        DEFENDANTS

ORDER DENYING MOTION FOR SANCTIONS

On May 1, 2025, the court entered an order granting the plaintiffs motion to compel the defendants to respond to the plaintiffs' requests for production of documents and interrogatories no later than May 8, 2025. Doc. 116. On May 16, 2025, the plaintiffs filed a motion to sanction the defendants for their failure to respond to the plaintiffs' interrogatories by May 8, 2025, as ordered by the court. Doc. 123. The plaintiffs' motion only referenced the defendants' alleged failure to respond to interrogatories. Accordingly, on June 6, 2025, the court ordered the defendants to show cause for their failure to respond to the plaintiffs' interrogatories by the court-ordered deadline of May 8, 2025. Doc. 125.

On June 11, 2025, the defendants responded that their counsel is not aware of any interrogatories propounded by the plaintiffs.[1] Doc. 127. The defendants explain they have recently undergone a change in counsel and that attorney Wilbur Colum "was not fully briefed

---

[1] The defendants state their responses to the requests for production of documents were mailed to the plaintiffs on May 15, 2025, but the related notice of service was not filed in this case until June 10, 2025. *See* Doc. 126. The motion for sanctions presently before the court does not request relief related to the responses to the requests for production of documents. However, the plaintiffs filed a "Notice to Court" on June 16, 2025, arguing the defendants violated the court's May 1, 2025 Order with their untimely responses to the requests for production of documents. Doc. 128. The plaintiffs further contend the defendant did not "give the court proper notification that anything was mailed to the Plaintiffs" and did not "provide a certified receipt of every [*sic*] mailing anything to the Plaintiffs," and claim they "never received a response from the Defendants."

upon taking over this matter due to Mr. Van Every's time constraints."[2] The defendants request that no sanctions be imposed and ask the plaintiffs to provide counsel with the subject interrogatories and allow them 10 days to respond. While the plaintiffs purport to have propounded interrogatories to the defendants, the court notes that the docket does not reflect any related notice of service.

Considering the defendants' representation that they never received interrogatories from the plaintiffs, the court declines to sanction the defendants for any failure to respond. The discovery deadline set by the Case Management Order is October 20, 2025. Doc. 105. There is ample time remaining for the parties to conduct discovery, and any discovery propounded is governed by the time constraints permitted by the Federal Rules of Civil Procedure. The plaintiffs are reminded that Local Uniform Civil Rule 5(d)(3) requires the party serving a discovery request or response to file a notice of service with the court.

SO ORDERED, this the 17th day of June, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[2] Attorney Joseph Van Every remains counsel of record for the defendants in this action.