IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER AND
PATRICK LEONEL SHUMAKER                                              PLAINTIFFS

v.                                                    CIVIL ACTION NO. 1:23-CV-4-SA-DAS

YAHYA ALARSI, MUTEE NAGI,
AND O-KAY FOOD, INC.                                                 DEFENDANTS

ORDER

On August 18, 2025, the court conducted a hearing on the following motions pending in this case:

- Plaintiffs' *Motion to Sanction Attorney Joseph Henry Van Every, Mutee Nagi, and O-Kay Food, Inc.* [Doc. 133],

- Plaintiffs' *Motion the Court to Order Defendants' Attorney to Show Cause for Not Signing Dkt 127* [Doc. 138],

- Plaintiffs' *Motion for Protective Order* [Doc. 139],

- Plaintiffs' *Motion the Court to Order Defendants to Designate Lead Counsel* [Doc. 140],

- Plaintiffs' *Motion to Compel Defendants to Produce Documents* [Doc. 141], and

- Defendants' *Request for Sanctions Based on Plaintiffs' Request for Production of Documents* [Doc. 144].

After hearing arguments from the parties, the court took the motions under advisement and will now address each in turn.

I.   Plaintiffs' *Motion to Sanction Attorney Joseph Henry Van Every, Mutee Nagi, and O-Kay Food, Inc.* [Doc. 133]

Under Federal Rule of Civil Procedure 37(b)(2)(C),[1] the plaintiffs ask the court to sanction attorney Joseph Henry Van Every and defendants Mutee Nagi and O-Kay Food, Inc. in

---

[1] Rule 37(b) allow sanctions for a party's failure to obey a discovery order and provides for the payment of expenses in part (b)(2)(C) stating "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

the amount of $7,000 each for their alleged failures to comply with the court's May 1, 2025 Order [Doc. 116] compelling the defendants to respond to the plaintiffs' discovery requests. The plaintiffs claim defendant Yahya Alasri was the only defendant to respond to the discovery requests.

At the hearing, attorney Wilbur Colom, counsel of record for Yahya Alasri, Mutee Nagi, and Okay-Foods, Inc. clarified that the discovery responses served on June 10, 2025, were made on behalf of *all* defendants, not just defendant Alasri. The docket similarly reflects that while Mr. Colom only entered an appearance for defendant Alasri on April 22, 2025, [Doc. 115], on June 10, 2025, he filed a Notice of Service of discovery responses on behalf of *all three* defendants. Doc. 126. Accepting Mr. Colom's representations that he is counsel of record for each of the defendants in this action and that the discovery responses served on June 10, 2025, were made on behalf of them all, the court finds no basis for sanctions. The plaintiffs' *Motion to Sanction Attorney Joseph Henry Van Every, Mutee Nagi, and O-Kay Food, Inc.* is DENIED.

II. Plaintiffs' *Motion the Court to Order Defendants' Attorney to Show Cause for Not Signing Dkt 127* [Doc. 138]

In this motion, the plaintiffs ask the court to order attorney Joseph Van Every to show cause for not signing the defendants' *Response Show Cause Order as of June 6, 2025* filed on June 11, 2025 at docket entry 127. The response was filed by Mr. Colom on behalf of each defendant. The plaintiffs' motion cites Local Uniform Civil Rule 83.1(b)(1) requiring "at least one attorney of record admitted to the general practice of law in the district court in which the action is pending" to sign all documents submitted on behalf of the represented party. As counsel

---

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

of record for the defendants, Mr. Colom's signature on the *Response Show Cause Order as of June 6, 2025* satisfies this court's Local Rules. The motion is DENIED.

    III.    Plaintiffs' *Motion for Protective Order* [Doc. 139]

On July 31, 2025, the plaintiffs filed a *Motion for Protective Order* that would allow their deposition to be conducted by video. Doc. 139. The motion claims they would "incur an undue burden of bearing the expense of travel" if made to appear in the Northern District of Mississippi for their depositions. At the hearing, Mr. Colom opposed the plaintiffs' request to appear by video, citing the document-intensive nature of the defendants' intended questioning and attendant challenges when depositions are conducted by video.

"It is well settled that the district court has great discretion in designating the location of taking a deposition[.]" *Smitty's Supply, Inc. v. Hegna*, 2018 WL 11452343, at *1 (E.D. La. Aug. 27, 2018) (quoting *Thomspon v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975)**)**. Although courts have required that plaintiffs appear for depositions in the forum in which they filed suit, there is not an invariable requirement that a plaintiff's deposition be conducted in the forum in which suit is filed. Instead, the court can order that the deposition be taken outside the forum district when the plaintiff demonstrates good cause:

> Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition. But this is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending. For example, the examination has been ordered held elsewhere when plaintiff was physically and financially unable to come to the forum, when to do so would cause hardship to the plaintiff, and when it would be simpler and fairer to take his or her deposition at his or her place of residence.

8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2112, at 527-30 (3d ed. 2010) (emphasis added) (footnotes omitted).

While the court is sympathetic to the plaintiffs' wish to avoid travel expenses, they have not shown the good cause required for the court to issue a protective order moving their depositions from the Northern District of Mississippi. The plaintiffs alleged bases for hardship are conclusory at best and contain no facts or figures persuading this court that they are unable to submit to oral examination in the district in which they voluntarily filed this action. Accordingly, the *Motion for Protective Order* is DENIED.

IV. Plaintiffs' *Motion the Court to Order Defendants to Designate Lead Counsel* [Doc. 140]

This motion is DENIED AS MOOT due to the defendants' *Notice of Designation of Lead Counsel* filed on August 4, 2025, [Doc. 142], designating Wilbur O Colom as lead counsel.

V. Plaintiffs' *Motion to Compel Defendants to Produce Documents* [Doc. 141]

The plaintiffs seek to compel the defendants "to produce ALL tax records requested including but not limited to: tax from years requested, all vendors of THC products, all alcohol and tobacco vendors." Doc. 141. In response, the defendants argue the tax records are not relevant to the plaintiffs' claims and the request is overbroad in scope and burdensome. Doc. 143. Additionally, the defendants ask the court to sanction the plaintiffs in the amount of $400 for the cost of counsel responding to the motion. In their reply brief, the plaintiffs argue the requested tax records "will prove that several businesses operated next to the Plaintiffs' property" and "that the Defendants profited while illegally using the Plaintiffs' property." Doc. 146.

Under Federal Rule of Civil Procedure 26(b)(1), parties may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…" FED. R. CIV. P. 26(b)(1). At the hearing, the plaintiff clarified he is seeking damages related to the alleged devaluation of and damage to his property caused by the defendants' business activities

including directing vendors to park on the plaintiffs' property. Insofar as the plaintiffs' claims are for property damage, the court finds no basis to compel the defendants to produce tax records or any records related to THC, alcohol, or tobacco vendors. The motion to compel the production of any such records is DENIED.

The court declines to sanction the plaintiffs at this time but will remind the parties of their obligation under Federal Rule of Civil Procedure 37(a)(1) to confer or attempt to confer in good faith with the "party failing to make disclosure or discovery in an effort to obtain it without court action."

    VI.    Defendants' *Request for Sanctions Based on Plaintiffs' Request for Production of Documents* [Doc. 144]

The defendants moved for sanctions under Federal Rule of Civil Procedure 11 "for the abusive use of discovery" regarding the plaintiffs' request for production of documents seeking:

> all electronic devices used by the defendants,
> IRS Returns and transcripts from 2015-2024,
> all bank statements, property tax records, all vehicles, and digital transactions from 2020 to present,
> all EIDL loans, PPE loans, and any bank loan,
> all THC vendor's invoices and receipts,
> each passport, driver's license, beer license, and any license given by the state of Mississippi or any other state.

At the hearing, the plaintiff withdrew the request for all electronic devices. Consistent with the court's rationale in Section V. above, the plaintiffs have failed to establish the information sought in this request for production is relevant to their claims for property damage and devaluation. Again, at this time the court will not impose sanctions on the plaintiffs but reminds them that the scope of discovery under Federal Rules of Civil Procedure 26(b)(1) is limited to

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The foregoing motions are DENIED for the reasons stated herein.

SO ORDERED, this the 20th day of August, 2025.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE