IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER AND
PATRICK LEONEL SHUMAKER                                                    PLAINTIFFS

v.                                                   CIVIL ACTION NO. 1:23-CV-4-SA-DAS

YAHYA ALARSI, MUTEE NAGI,

ORDER ON MOTIONS

The plaintiffs have filed multiple motions which the court will address herein.

I.     *Motion for Sanctions [Doc. 167]*

The plaintiffs have filed a motion for sanctions against the defendants and their attorney for their alleged failure to appear at depositions on October 1, 2025. Doc 167. The plaintiffs claim they emailed a Notice of Deposition to counsel for the defendants on September 17, and same was docketed on September 18, 2025. *See* Doc. 163. The Notice states the depositions will be conducted on October 1, 2025, at 8:30 a.m. at 735 Goodman Road W., Horn Lake, Mississippi, 38637. As a sanction for the defendants' supposed failure to appear, the plaintiffs request that the court strike any pleading filed after October 1, 2025, and require the defendants and their counsel to pay the plaintiffs $7,800.

The defendants' response to the motion for sanctions states their counsel made multiple attempts to contact the plaintiffs by phone to coordinate the scheduling of depositions but the plaintiffs "neither answered nor returned calls." Doc. 169. The response specifically states the defendants proposed October 3, 2025, for depositions, but "received no response" and "additional calls were made without success." The defendants clearly attempted to negotiate a different time for their depositions upon receipt of the plaintiffs' notice scheduling their depositions for October 1, 2025.

Under Federal Rule of Civil Procedure 37(d), a party may be sanctioned for its failure to attend a properly noticed deposition. The Rule further states the court must require the party failing to act, their attorney, or both to pay the reasonable expenses unless the failure to act "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Here, the court finds the circumstances of this case would make an award of expenses unjust. Even a cursory review of the Docket reveals the extent to which the parties have sought court intervention for issues having little if nothing to do with the merits but instead serving in large part as a distraction from substantively litigating this case. The defendants alleged failure to appear for depositions on October 1, 2025, resulted in a myriad of emails to the court and the instant motion, yet the court is still left with an incomplete picture, at best, of exactly what occurred. Now, the discovery and motions deadlines have expired with this case set for trial on January 26, 2026. Doc. 105, 106.

Considering the foregoing, the defendants' failure to appear on October 1, 2025 – after multiple attempts to contact the plaintiffs and after offering alternative dates for their depositions – was substantially justified. The motion for sanctions is DENIED. Should the plaintiffs have proof that they were present with a court reporter at the date and time noticed for the depositions, they may submit sworn proof of same, and the court will reconsider its decision.

II.    *Motion for Protective Order [Doc. 170]*

The court finds the plaintiff's motion for protective order MOOT as it seeks concessions related to their depositions which were ordered to occur on October 14, 2025. *See* Doc. 166.

III.    *Motion for Discovery [Doc. 171]*

On October 20, 2025, the plaintiffs filed a motion to compel the defendants to attend an

in-person deposition on a date determined by the court and further asks the court to order the defendants to produce certain documents at that time. Under the Case Management Order, the discovery period ended on October 20, 2025, the date the plaintiffs filed their motion for discovery. Doc. 105.

In response, the defendants "maintain that Plaintiffs intentionally sabotaged their opportunity to conduct depositions at the Federal Courthouse at any time from October 15-17, 2025," and argue the requested documents "are not relative to any claim in this action." Alternatively, should the court be inclined to grant the plaintiffs' motion, the defendants submit that the depositions should be conducted at the Colom Law Firm in Columbus, Mississippi, or the Federal Courthouse in Aberdeen, Mississippi.

Local Uniform Civil Rule 7(b)(2)(C) states that "[a] party **must** file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order **before** the discovery deadline." L.U.Civ.R. 7(b)(2)(C) (emphasis supplied). Because the plaintiffs filed the instant motion on the discovery deadline, compliance with Local Rule 7(b)(2)(C) is impossible. The court has been addressing discovery-related issues with the parties for months and sees no grounds to excuse the plaintiffs' incompliance with Rule 7(b)(2)(C) at this stage in the case. The motion for discovery is DENIED.

IV.     *Motion to Compel [Doc. 172] and Motion for Restraining Order [Doc. 173]*

For the fourth time in this case, the plaintiffs have filed a motion to compel the defendants to produce a surety bond, and the court will again deny the motion. The October 22, 2025, motion asks the court to order each defendant to produce a $2,000,000 surety bond because one defendant, OKAY-FOODS, INC., allegedly filed a notice to dissolve with the Mississippi Secretary of State. Without proof of any kind, the plaintiffs claim the defendants are

fraudulently transferring assets to avoid paying damages in this case. As stated in previous orders, the plaintiffs have provided no legal authority justifying the imposition of a surety bond under the alleged circumstances which are purely speculative in nature. Finding no basis for the relief sought, the motion to compel is DENIED.

Relatedly, the plaintiffs have also moved for an order restraining the defendants from transferring any assets or attempting to conceal assets during this lawsuit. Based again on OKAY-FOODS, INC.'s alleged notice of dissolution, the plaintiffs ask that all defendants be so restrained. The plaintiffs have not satisfied any of the requirements of Federal Rule of Civil Procedure 65(b), and the motion is DENIED.

SO ORDERED, this the 5th day of November, 2025.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE