IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER and
PATRICK LEONEL SHUMAKER                                          PLAINTIFFS

V.                                                    CAUSE NO. 1:23-CV-4-SA-DAS

YAHYA ALASRI, MUTEE NAGI, and
O-KAY FOODS, INC.                                                DEFENDANTS

## MEMORANDUM OPINION

Patrick Daniel Shumaker and Patrick Leonel Shumaker, proceeding *pro se*, initiated this litigation against Yahya Alasri, Mutee Nagi, and O-Kay Foods, Inc. The Third Amended Complaint [75], which is the operative complaint, alleges that the Defendants should be held liable for trespassing on the Plaintiffs' real property located in Columbus, Mississippi.

The Court conducted a bench trial in this matter on March 17, 2026. At the commencement of the trial, after the Shumakers admitted on the record that Patrick Leonel Shumaker possesses no legal interest in the property at issue, the Court dismissed Patrick Leonel Shumaker as a Plaintiff in the case. Patrick Daniel Shumaker thereafter represented himself throughout the trial. Alasri and Nagi, who is the President of O-Kay Foods, Inc., were present at the trial and represented by Wilbur Colom, Esq.

Patrick Daniel Shumaker called the following witnesses in his case in chief: Patrick Leonel Shumaker, Mutee Nagi, and Yahya Alasri. The Defendants called the following witnesses in their case in chief: Mutee Nagi and Yahya Alasri. Patrick Daniel Shumaker then called Patrick Leonel Shumaker as a rebuttal witness.

Pursuant to Federal Rule of Civil Procedure 52(a)(1), the following constitutes the Court's findings of fact and conclusions of law.

*Findings of Fact[1]*

1.      Patrick Daniel Shumaker, an adult resident of Texas, owns a parcel of land located in Columbus, Mississippi.

2.      O-Kay Foods, Inc. is a Mississippi corporation with its principal place of business located in Mississippi.

3.      O-Kay Foods, Inc. is the listed owner of a parcel of land located at 1801 7th Street North in Columbus, Mississippi. The property is located across the street from Shumaker's property. A convenience store is located on the property owned by O-Kay Foods, Inc.

4.      Mutee Nagi, an adult resident of Mississippi, is the President of O-Kay Foods, Inc.

5.      Yahya Alasri, an adult who is a non-resident of Mississippi, has no ownership interest or involvement whatsoever in O-Kay Foods, Inc.

6.      From approximately 2016 through 2021, Nagi, in his capacity as President of O-Kay Foods, Inc., operated the convenience store located at 1801 7th Street North.

7.      At some point in 2021, O-Kay Foods, Inc. began leasing the property (and convenience store) to R & Y Mart, Inc.

8.      R & Y Mart, Inc. has operated the convenience store at all times since the commencement of the lease agreement in 2021.

9.      O-Kay Foods, Inc. is not involved in the day-to-day operations of the store located at 1801 7th Avenue North in Columbus, Mississippi, and has not been so involved since the commencement of the lease agreement.

10.      Neither Nagi nor Alasri have any ownership interest in R & Y Mart, Inc.[2]

---

[1] At times throughout the remainder of this Memorandum Opinion, the Court will simply refer to Patrick Daniel Shumaker as "Shumaker." When referencing Patrick Leonel Shumaker, the Court will make a clarification so as to avoid any confusion.

[2] The Court recognizes that its findings of fact are scarce. However, this is due to the fact that Shumaker

*Conclusions of Law*

This case presents multiple legal issues worthy of discussion. Since it occurred at the commencement of the trial, the Court will first address the exclusion of Patrick Leonel Shumaker as a *pro se* litigant. Then, the Court will address subject matter jurisdiction before turning to whether the named Defendants are the appropriate parties and, eventually, the underlying merits.

I.      *Exclusion of Patrick Leonel Shumaker[3]*

Prior to trial, the Court, through a review of the Pretrial Order [190] and communications with the presiding Magistrate Judge, became aware of a potential issue in this case—namely, that Patrick Leonel Shumaker has no legal interest in the subject property. Instead, Patrick Daniel Shumaker is the sole legal owner of the property. This provided the Court reservation in light of the fact that Patrick Leonel Shumaker intended to act in a *pro se* capacity at trial. The presiding Magistrate Judge notified the Shumakers of this issue several days before trial so that they could be prepared to address the issue and, if necessary, prepare for Patrick Daniel Shumaker to solely prosecute the case.[4]

On the morning of trial, the Court received via email a "Declaration of Real Party in Interest Pursuant to Federal Rule of Civil Procedure 17" from the Shumakers. It was subsequently filed. *See* [191]. In the Declaration [191], Patrick Daniel Shumaker represents to the Court that he is the

---

put on minimal proof to substantiate the claim and, candidly, the proof that was provided was poorly presented and lacking in credibility. Rather than setting forth Shumaker's allegations in the findings of fact section, the Court will address them in the conclusions of law section and explain the basis for not finding them credible. In other words, the findings of fact are limited to the facts that the Court finds were substantiated.

[3] The Court would typically address subject matter jurisdiction first in recognition of Fifth Circuit precedent on the topic. *See In re GenOn Mid-Atlantic Dev., LLC*, 42 F.4th 523, 533 (5th Cir. 2022) ("Jurisdiction comes first[.]"). However, since the dismissal of Patrick Leonel Shumaker implicates who the parties are in the case, the Court finds it appropriate to address it at the outset.

[4] Despite apparently being aware of Patrick Leonel Shumaker's lack of ownership in the property, the Defendants filed no dispositive motion on that point.

3

sole legal title holder to the property but that Patrick Leonel Shumaker paid the purchase price for the property and "[s]ince the time of purchase, [Patrick Leonel Shumaker] has continuously managed, maintained, and controlled the property, including handling rentals, maintenance, and matters concerning its use." [191] at p. 1. The Declaration [191] further asserts that Patrick Leonel Shumaker "suffered actual damages" because of his "equitable and beneficial interest in the property." *Id*. at p. 1-2.

The Court took up this issue prior to hearing any proof at trial. After Patrick Daniel Shumaker affirmed on the record that Patrick Leonel Shumaker possessed no *legal* interest in the property, the Court dismissed Patrick Leonel Shumaker as a party to this litigation.

28 U.S.C. § 1654 addresses the right to *pro se* representation and provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." As the Fifth Circuit has recently recognized, "a party can represent himself or be represented by an attorney, because § 1654 says he can. On the other hand, he cannot be represented by a nonlawyer because the statute does not include the phrase, 'or by a nonlawyer.'" *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023). "For a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him." *Id*.

Here, the undisputed evidence is that Patrick Leonel Shumaker has no legal ownership of the property at issue. The Shumakers provided the Court with no authority to indicate that, as an individual without a legal interest in the property, he could proceed as a party to the litigation. It logically follows that, as a non-party to the litigation, Patrick Leonel Shumaker maintained no basis to prosecute the case in a *pro se* capacity as he could not satisfy the requirement of 28 U.S.C.

§ 1654 that the case "belong[s] to him." *Raskin*, 69 F.4th at 283 (citing 28 U.S.C. § 1654).

As articulated at the commencement of the trial, Patrick Leonel Shumaker is not a proper party to this litigation and therefore has no basis to proceed *pro se*. To the extent the Third Amended Complaint [75] asserts claims on his behalf, they are DISMISSED.

II.      *Subject Matter Jurisdiction*

The Third Amended Complaint [75] invokes federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Shumaker's claim for trespass sounds in state law.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accidents Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). In other words, for diversity jurisdiction to exist, two requirements must be satisfied: "(1) complete diversity between the parties and (2) an amount in controversy in excess of $75,000." *Super Truck Stop 35-55, LLC v. Nissi Ins. Solutions, LLC*, 2016 WL 5477725 at *3 (N.D. Miss. Sept. 29, 2016) (citing 28 U.S.C. § 1332) (additional citation omitted).

The Third Amended Complaint [75] alleges that Shumaker is a citizen of Texas, Alasri is a citizen of Tennessee, Nagi is a citizen of Mississippi, and O-Kay Foods, Inc. is incorporated and maintains its principal place of business in Mississippi. *See* [75] at p. 1-2. The Court was provided no evidence to contradict those allegations and therefore accepts that there is complete diversity between Shumaker and the Defendants. *See*, *e.g.*., *Den Norske Stats Oljeselskap v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

The Court does, however, have a significant concern as to the amount in controversy. The Third Amended Complaint [75] alleges "$361,000 is the amount in controversy, property was destroyed. The property use was los[t], loss of value, damages to repair property. Land is unique

and the Plaintiffs demand $361,000." [75] at p. 4. At the conclusion of trial, Shumaker reiterated that he was seeking well in excess of the $75,000.00 threshold, advising the Court that he sought an award of $316,800.00.

Notwithstanding, "[i]t is axiomatic that the amount in controversy in a given action is determined from the complaint itself, *unless it appears that the amount stated in the complaint is not claimed in good faith.*" *Reece v. Kanawha Ins. Co.*, 2008 WL 906512, at *2 (N.D. Miss. Apr. 2, 2008) (*citing Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938)) (emphasis added); *see also Barnes v. Progressive Paloverde Ins. Co.*, 2017 WL 1856285, at *2 (M.D. La. Feb. 17, 2017) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) ("Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith."). "In order for a court to refuse jurisdiction it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Barnes*, 2017 WL 1856285 at *2 (quoting *Allen*, 63 F.3d at 1335).

Concerning the preciseness with which a plaintiff must prove his damages to prevail on a claim under Mississippi law, "plaintiffs bear the burden to prove their damages by a preponderance of the evidence." *Courtney v. Glenn*, 782 So.2d 166, 166 (Miss. Ct. App. 2000) (quoting *TXG Intrastate Pipeline v. Grossnickle*, 716 So.2d 991, 1016 (Miss. 1997)). Importantly, "[d]amages cannot be based on mere speculation but must be proved to a reasonable certainty." *Id*. (citing *Wall v. Swilley*, 562 So.2d 1252, 1256 (Miss. 1990)).

Having reviewed the Third Amended Complaint [75] and now having had the opportunity to consider the evidence that Shumaker has to support his claim, the Court is of the opinion that there was *never* a good faith basis for the amount alleged.

6

The only witness who testified as to Shumaker's damages was Patrick Leonel Shumaker. He testified that the Defendants' continued trespass on the subject property rendered him, in his capacity of manager of the property, unable to rent the property for "tent services." Specifically, Patrick Leonel Shumaker testified that, prior to 2016, he rented the property for $2,300 per month to several churches for tent services and that he was able to rent the property several months out of the year. However, on cross examination, he was unable to identify the name of a *single* church to which he had rented the property, claiming that all documentation had been destroyed as a result of a water leak.

Put simply, the Court does not find Patrick Leonel Shumaker's testimony as to rental value credible in any way whatsoever. It strains credulity to believe that he was renting the property for $2,300 per month to "several churches," yet he was unable to name a single one (or even an individual) to whom he had ever rented the property. As to the contention that the supporting documentation was destroyed, the Court is unpersuaded. The Court, as the trier of fact, simply does not believe his testimony in this regard.

Patrick Leonel Shumaker also testified as to other damages. He testified that when community events were ongoing in the area, prior to 2016, he was able to profit from the property because he could use it for paid parking. Separately, he testified that when vendors of the Defendants' store utilized his lot to park and/or turn their vehicles around, they left ruts on the property. He also testified that he put up a fence on two occasions but that it was torn down and that he paid to have the gravel and cross ties removed but that they eventually reappeared.

For all of these alleged damages, he was not able to produce a single receipt or document to support the testimony. The Court is unmoved and wholly discredits Patrick Leonel Shumaker's testimony as to the damages incurred. It defies logic that damages to such an extent were incurred

yet not a shred of documentation to support the same was produced.

Patrick Leonel Shumaker testified that he could provide other witnesses, such as Sheriff Eddie Scott and a neighbor, to support the contentions. Again, the Court does not believe him. This case has been pending for years, and the trial date has been set for some period of time. Ample opportunity was provided for the Shumakers to corral witnesses to support the claimed damages. In the Court's opinion, the fact of the matter is no such proof exists.

Again, in the Third Amended Complaint [75], Shumaker also alleges that his property was destroyed and that the property itself was unique. Notably, no testimony or other evidence was presented to substantiate those allegations.

Reverting to the applicable standard, the reviewing court accepts as true the alleged amount in controversy so long as it is made in good faith. *See Reece*, 2008 WL 906512 at *2. Here, the alleged amount was *not* made in good faith. The Court received proof that the assessed value of the property is $4,400.00. While cognizant that that amount is not the sole basis for valuation of the property, Shumaker has presented no evidence to establish that the property is worth a substantially greater amount. And the Court simply discredits the other damages that Shumaker claims. None of the evidence presented at trial comes anywhere close to substantiating the amount of damages alleged in the Third Amended Complaint [75].

Although this case is in an unusual procedural posture, having already proceeded to a bench trial (largely because the Defendants failed to file a proper dispositive motion), the Court's independent obligation to ensure that it maintains subject matter jurisdiction extends throughout the entirety of the litigation. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. . . The

objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, *even after trial* and the entry of judgment.") (citations omitted; emphasis added).

Carrying out that independent obligation, the Court concludes that the allegations as to the amount in controversy contained in the Third Amended Complaint [75] were not made in good faith. The Court therefore lacks subject matter jurisdiction over this lawsuit. *See Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.") (citation and internal quotation marks omitted). Dismissal on that basis is appropriate.

### III.    Proper Defendants[5]

In his opening statement, counsel for the Defendants pointed out that, even assuming that a viable trespass claim existed, the Third Amended Complaint [75] fails to name the proper parties. Again, the Third Amended Complaint [75] names as Defendants Yahya Alasri, Mutee Nagi, and O-Kay Foods, Inc.

Nagi is the President of O-Kay Foods, Inc. He testified that he operated the convenience store located at 1801 7th Avenue North (the store with which Shumaker takes issue) until 2021. However, he testified that, in 2021, O-Kay Foods, Inc. began leasing the building to R & Y Mart, Inc. and that that entity is the sole operator of the store. Nagi further testified that neither he—nor O-Kay Foods, Inc.—has had any involvement with the daily operations at the building since 2021. Nagi explained that the only action which he and/or O-Kay Foods, Inc. takes in connection with the store is to collect the rent due under the lease agreement.

---

[5] While the Court would typically not engage in any additional analysis after concluding that subject matter jurisdiction does not exist, considering the posture of this case and out of an abundance of caution, it will address additional deficiencies in the case.

Yahya Alasri testified that he has no financial interest—or any interest whatsoever—in the operations at the store but that, instead, his son runs the store. Alasri went on to testify that he owns no property nor has he ever owned any property in Columbus, Mississippi.

Although Shumaker endeavored to discredit Nagi and Alasri when questioning them, he was unsuccessful. No evidence was admitted that would in any way contradict Alasri's claim that he has no interest whatsoever in the operations at the store. And the only evidence in the record that would in any way undercut Nagi's testimony that O-Kay Foods, Inc. leases the store to R & Y Mart, Inc. is a copy of O-Kay Foods' 2023 Corporate Annual Report that was filed with the Mississippi Secretary of State. The nature of business section of the Annual Report lists "gasoline stations with convenience stores." [197], Ex. 10 at p. 1. Shumaker attempted to utilize the Annual Report as evidence that O-Kay Foods does not lease the store but instead operates it. The Court is unpersuaded. Nagi testified that his "bookkeeper" completed the Annual Report—not him. And he again reiterated that O-Kay Foods, Inc. simply leases the property to R & Y Mart, Inc. and takes no further action in connection with it. The Court believes that testimony.

Ultimately, Shumaker has not named the proper Defendants in this case. He has named two individuals who have no involvement with the operations of the store and an entity that simply leases it to another entity.[6]

IV.    Merits

Setting aside the fatal deficiencies that it has already addressed, the Court finally notes that Shumaker did not put on proof of a viable trespass claim.

Under Mississippi law, "[a] trespass to land is committed when a person intentionally

---

[6] To the extent that Shumaker could potentially hold O-Kay Foods, Inc. liable for conduct that occurred prior to 2021, he never clarified that point throughout the litigation, and the Court declines to speculate on that issue now.

invades the land of another without a license or other right." *Edwards v. Williams*, 292 So. 3d 586, 595 (Miss. Ct. App. 2019) (quoting *Reeves v. Meridian S. Ry. LLC*, 61 So. 3d 964, 968 (Miss. Ct. App. 2011)). Notably, "[t]respass can be committed by, among other acts, placing an object on the other person's land[.]" *Id*. (quoting *Reeves*, 61 So. 3d at 968).

The only proof presented at trial that would substantiate Shumaker's claim (if believed) was the testimony of Patrick Leonel Shumaker. He testified that from the time he originally began renting the property for tent services until present day, physical changes have occurred in the area. He specifically emphasized that there was a fence on the property that was torn down on two occasions. Additionally, he stated that crushed gravel and crossties were placed on the property for a makeshift parking lot. Patrick Leonel Shumaker specified that he did not grant anyone permission to place gravel and/or crossties on the property nor did he ever direct anyone to tear down the fence.

He went on to testify that he sent multiple letters to who he believed were the store owners about the gravel and crossties. However, there was no evidence admitted to verify that any such letters were received. For his part, Nagi testified that he never received any such letters.

Patrick Leonel Shumaker further testified that he paid for the gravel and crossties to be removed and that they reappeared shortly thereafter. Yet again, when questioned about documentation to verify that he had actually incurred costs for removal, he had nothing. The Court does not find his testimony in this regard credible.

Furthermore, despite making conclusory allegations as to purported trespasses, Patrick Leonel Shumaker provided no testimony that he *personally* observed the Defendants placing the gravel and/or crossties on the property. In other words, his testimony was wholly speculative that it was the Defendants who were responsible. While testifying that he could provide other witnesses

11

to verify his assertions, the reality is no such proof was presented at trial.

The only testimony as to an alleged trespass that Patrick Leonel Shumaker contends he *personally* observed was on one occasion Yahya Alasri directing a truck to park on the property. However, Patrick Leonel Shumaker provided no specific details as to the purported date and time of that incident nor did he explain any damages that were incurred as a result thereof. Furthermore, the fact remains that there is no proof in the record that Yahya Alasri had any ownership interest in O-Kay Foods, Inc. or R & Y Mart, Inc. Thus, there is no nexus between Alasri's purported conduct in this regard and O-Kay Foods, Inc. and/or R & Y Mart, Inc.

In sum, Shumaker's trespass claim is reliant on the testimony of Patrick Leonel Shumaker. The Court does not believe his testimony. There is no credible evidence in the record to substantiate the trespass claim.[7]

*Conclusion*

For the reasons articulated above, the Court finds that the Third Amended Complaint [75] should be and hereby is DISMISSED. A separate Final Judgment consistent with this Memorandum Opinion will issue this day.

SO ORDERED, this the 27th day of March, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] Although not entirely clear from the Third Amended Complaint [75] or the Pretrial Order [190], Shumaker seemingly seeks to recover from the Defendants under an unjust enrichment theory. The circumstances in which unjust enrichment applies are narrow. *See Miss. State Port Auth. at Gulfport v. Yilport Holding A.S.*, 406 So. 3d 83, 95-96 (Miss. 2025). "Recovery in unjust enrichment is that to which the claimant is equitably entitled." *Id*. at 96 (quoting *Koval v. Koval*, 576 So. 2d 134, 136)) (additional citation omitted). It is inapplicable here. Shumaker is entitled to no recovery whatsoever. He has not substantiated any of the allegations of the Third Amended Complaint [75].