IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICK DANIEL SHUMAKER                                          PLAINTIFF

V.                                                    CAUSE NO. 1:23-CV-4-SA-DAS

YAHYA ALASRI, MUTEE NAGI, and
O-KAY FOODS, INC.                                               DEFENDANTS

ORDER

After the Court entered Judgment [199] in their favor, the Defendants filed a Bill of Costs

[200] on April 6, 2026. When Shumaker failed to respond within 14 days, the Clerk of Court taxed

costs against him in the amount of $1,057.40. *See* [201].

On May 11, 2026, Shumaker filed an Objection [202]. His filing was made well beyond

the applicable deadline to object. *See* FED. R. CIV. P. 54(d)(1) ("The clerk may tax costs on 14

days' notice."). In the filing, Shumaker claims he did not receive a copy of the Defendants' filing,

despite the fact that the Bill of Costs [200] contains a certificate of service wherein defense counsel

certified that he mailed a copy of the filing to Shumaker's mailing address listed on the docket.

The Court could overrule Shumaker's Objection [202] on that basis alone.

However, even considering the merits of the filing, it is due to be overruled. In essence,

Shumaker contends that costs should not be taxed because the Defendants obtaining the deposition

transcripts, the costs of which make up the entirety of the taxed costs, was unnecessary. This

argument is wholly unpersuasive.

"The Fifth Circuit has held that the prevailing party is prima facie entitled to costs. The

losing party shoulders the burden to overcome the presumption in favor of costs." *Ankerson v.*

*American Zurich Ins. Co.*, 2016 WL 927225, at *1 (S.D. Miss. Mar. 11, 2016) (quoting *Walters v.*

*Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)) (quotation marks and internal citations

omitted). The law clearly provides for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920. The Defendants are entitled to costs incurred for printed deposition transcripts despite the fact that they never used the transcripts at trial. In the Court's view, the Defendants' decision to incur those costs in preparing for trial was certainly reasonable, as they were unaware prior to trial as to how the testimony would develop and whether the deposition transcripts would be needed. To decide the issue otherwise would create a perverse incentive. Furthermore, Shumaker has come forward with nothing to support his position. In other words, he has done nothing to overcome the presumption in favor of costs. *See Ankerson*, 2016 WL 927225 at *1.[1]

The Objection [202] is OVERRULED. The CASE remains CLOSED.

SO ORDERED, this the 12th day of May, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Shumaker's references to state court litigation between the parties and the Defendants not agreeing to virtual depositions in this case are irrelevant.